UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| NELSON R. AYBAR, | ) | CASE NO. 4:08 CV1736 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| JOSEPH E. GUNJA, WARDEN | ) | |
| | ) | |
| Respondent. | ) | |

    Before the court is *pro se* petitioner Nelson R. Aybar's *in forma pauperis* "Petition to Invalidate an Illegal Disciplinary Conviction Obtained in Violation of Due Process Clause pursuant to Both the Administrative Procedure Act and the Declaratory Judgment Act." Petitioner, who is incarcerated at the Northeast Ohio Correctional Center (N.E.O.C.C.), filed this action against the Bureau of Prisons, Corrections Corporation of America and N.E.O.C.C. He is seeking the "invalidation of an illegal prison disciplinary conviction obtained in violation of the Due Process Clause." (Pet. at 4.) For the reasons set forth below, this action is dismissed.

*Background*

    This is Mr. Aybar's third case involving the same core facts and, more importantly, the same incident report prepared and delivered to him on November 2, 2007. The first action was

filed pursuant to 28 U.S.C. §2241.  *Aybar v. Gunja*, No. 4:08cv0286 (N.D. Ohio filed Feb. 5, 2008) (Gaughan, J.)  Therein, petitioner argued that

> the entire UDC determination was a 'sham' because it was impossible for him to comply with the direct order given by Ms. Rubosky.  Citing *Mooney v. Holohan*, 294 U.S. 103 (1935), he argues that due process is not satisfied if the UDC reaches its decision based on evidence that was 'submitted by deliberate deception and by the presentation of statement [sic] known to be perjured.' (Pet. at 8.)

*Id*. at 4.  This court dismissed the action on June 4, 2008.  In that opinion, it was determined "petitioner received all the process he was due in connection with the disciplinary charges brought against him and with regard to the disciplinary hearing held." *Id.* at 5.  He then filed a Motion to Alter or Amend the court's judgment.  The motion was denied by this court on July 8, 2008.

Fourteen days after filing the 28 U.S.C. § 2241 petition, Mr. Aybar filed a civil rights complaint pursuant 42 U.S.C. § 1983.  *Aybar v. Rubosky*, No. 4:08cv0407 (N.D. Ohio filed Feb. 19, 2008)(Economus, J.)  Arguing he was denied access to the courts in violation of the First Amendment, petitioner sought an order directing the defendants to allow him to keep the same legal materials which led to the issuance of an incident report in November 2007.  The action was dismissed on June 2, 2008 for failing to state a claim for relief.  Petitioner filed a Motion to Alter or Amend, which was denied on July 9, 2008.

Mr. Aybar now asserts this court's jurisdiction pursuant to 5 U.S.C. § 706(2)(D), 28 U.S.C. § 2201, 28 U.S.C. §1331 and "equitable powers."  He cites his *Aybar v. Gunja* petiion to outline the relevant facts in this present case.  His argument is premised on the assertion that his "disciplinary conviction [was] obtained in violation of the Due Process Clause of the U.S. Constitution."  (Pet. at 4.)   He maintains that he is entitled to invoke an "impossibility of

performance defense to have his conviction overturned and the incident report expunged."

*Standard of Review*

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

*Lack of Jurisdiction*

Federal courts are always "under an independent obligation to examine their own jurisdiction," *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231(1990) and a federal court may not entertain an action over which it has no jurisdiction. *See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982). Contrary to petitioner's declaration, the Administrative Procedure Act ("APA") does not provide a federal court with any independent basis for jurisdiction. *See Califano v. Sanders*, 430 U.S. 99, 106-07 (1977). Rather, the APA prescribes standards for judicial review of an agency action, once jurisdiction is otherwise established. *See Dixie Fuel Co. v. Commissioner of Soc. Sec.*, 171 F.3d 1052, 1057 (6th Cir.1999) (citing *Califano*, 430 U.S. at 107).

Petitioner's reliance on the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, is similarly misplaced. Because 28 U.S.C. § 2201(a) provides for federal jurisdiction over actions seeking declaratory relief only "[i]n a case of actual controversy within its jurisdiction," the statute

does not provide an independent basis for federal subject-matter jurisdiction. *Toledo v. Jackson*, No. 06-5887, 2007 WL 1236453, at 2 (6th Cir. May 1, 2007) (to be published in the Federal Reporter); *see also Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-72 (1950).

Finally, 28 U.S.C. § 1331 provides that the federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[T]he mere invocation of § 1331, without more, is meaningless and does not in itself confer federal question jurisdiction." *National Ass'n for the Advancement of Colored People-Special Contribution Fund v. Jones*, 732 F.Supp. 791, 793 n. 6 (N.D.Ohio 1990). Section 1331 requires that the complaint allege a valid claim under the U.S. Constitution or some federal law that provides for a federal right of action.

Mr. Aybar already challenged the incident report issued on November 2, 2007, based on a violation of his right to due process. The argument failed on the merits, as set forth by this court in its Memorandum of Opinion and Order dated June 4, 2008. Petitioner cannot now resurrect that same issue under the guise of a federal question when that question has been asked and already answered in the negative. Under *res judicata*, a final judgment on the merits of an action bars relitigation between the same parties or their privies on issues that were or could have been raised in that action. *See Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 467 n. 6 (1982); *Vinson v. Campbell County Fiscal Court*, 820 F.2d 194, 197 (6th Cir.1987). Thus, even if Mr. Aybar had successfully invoked a basis for this court's jurisdiction over his complaint, it would otherwise be barred by principles of *res judicata*.

*Conclusion*

Based on the foregoing, this action is dismissed pursuant 28 U.S.C. § 1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A.GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 11/17/08

---

[1] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.